UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CHARLES MANLEY,            )<br>                            )<br>          Plaintiff,        )<br>                            )<br> v.                         )<br>                            )<br> NEVADA DEPARTMENT OF       )<br> CORRECTIONS, et al.,       )<br>                            )<br>          Defendants.       )<br> _____) | 3:07-cv-00374-LRH (VPC)<br><br><u>O R D E R</u> |

Before this Court is Report and Recommendation of U.S. Magistrate Judge Valerie P. Cooke (#121[1]) entered on August 10, 2009, recommending granting Defendants' Motion for Summary Judgment (#82) filed on January 21, 2009. Plaintiff filed his Objection to Magistrate Judge's Report and Recommendation (#122) on August 20, 2009, and Defendants filed their Opposition to Plaintiff's Objection to (Docket No. 122) on September 1, 2009 (#123), pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 3-2 of the Rules of Practice of the United States District Court for the District of Nevada.

The Court has conducted its *de novo* review in this case, has fully considered the objections of the plaintiff, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) and Local Rule IB 3-2. The Court determines that the Magistrate

---

[1] Refers to court's docket number.

Judge's Report and Recommendation (#121) entered on August 10, 2009, should be adopted and accepted.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#121) entered on August 10, 2009, is adopted and accepted. By failing to establish that Defendants were deliberately indifferent to his medical need, Plaintiff cannot withstand summary judgment on his Eighth Amendment claim. As to Plaintiff's remaining state tort claims, pursuant to 28 U.S.C. § 1367, the court will exercise supplemental jurisdiction over the claims. The court finds that dismissal of the claims is warranted because Plaintiff has failed to attach the affidavit of a medical expert supporting the allegations in the complaint. *See Borger v. Eighth Judicial Dist. Court*, 102 P.3d 600, 606 (Nev. 2004) ("NRS 41A.071 clearly mandates dismissal, without leave to amend, for complete failure to attach an affidavit to the complaint.") Accordingly, Defendant's Motion for Summary Judgment (#82) is GRANTED.

The clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 11th day of September, 2009.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE